AVERN COHN, District Judge,
concurring.
As I read the record starting with the district judge’s summary judgment decision, this case involves six separate leases for retail space in five separate shopping malls. One of the leases provided for the landlord recovering attorney fees and expenses (labeled “costs” in the lease) should it be forced to bring suit for rent recoupment. The case began with a claim for damages for fraud by the tenant. The landlords counterclaimed for unpaid rent, seeking in the aggregate $885,674.62. The tenant lost on the claim for fraud. The landlords were partially successful on their claim and were awarded damages as follows: $141,549.71; $36,500.00; $18,635.08 for a total of $196,684.49. Both sides appealed. The tenant was unsuccessful. The district court’s award to the landlords was affirmed. On remand, the district court awarded the landlords $152,790.70 in attorney fees and $8,179.53 in expenses. The landlords had asked for more. The lead opinion affirms this award. A member of this panel would affirm in part and dissent in part because not all three of the leases on which the landlords were successful actually provided for an award of attorney fees and expenses, a fact that the district judge may not have appreciated.
*257 At the end of the day, the district judge awarded attorney fees and expenses of $160,970.23 on a recovery of $196,684.49. That seems to be disproportionally high. The case obviously should have been settled early on. That’s litigation and litigation must end sometime. For this reason I concur in the lead opinion.